

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SK:SP  
F. #2023R00375

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 25, 2024

By E-Mail and ECF

Allegra Glashausser, Esq.  
Federal Defenders of New York  
1 Pierrepont Plaza, 16th Floor  
Brooklyn, New York 11201  
Allegra_Glashausser@fd.org

      Re:    United States v. James Young  
                  Criminal Docket No. 23-475 (DLI)

Dear Counsel:

      I write in response to your April 29, 2024 letter demanding discovery in the above-captioned case, ECF Docket Entry No. 52 ("Defense Letter" or "Def. Ltr."). The government has complied and will continue to comply with all of its discovery obligations, including those set forth in Rule 16 of the Federal Rules of Criminal Procedure (the "Rules"), 18 U.S.C. § 3500, and Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) and their progeny. This letter summarizes the government's responses to the Defense Letter, at times referencing information provided in the previous productions and the cover letters thereto.

      The government has reproduced the file previously Bates stamped JY_000188, now Bates stamped JY_000191, which contains 132 files, 31 of which are audio files; the remaining are accompanying software and documents. The government has also reproduced the file previously Bates stamped JY_000189, now Bates stamped JY_000192, which contains 78 files, 19 of which are audio files; the remaining are accompanying software and documents.[1]

      The government is not obligated under Rule 16 to provide a copy of the search warrant denied on July 20, 2023 (the "July 20 search warrant"). However, if the affiant of the July

---

[1] The items in the government's disclosure of files Bates stamped JY_000191 and JY_000192 are duplicative of the files provided on February 2, 2024 Bates stamped JY_000188 and JY_000189. The government is disclosing these items again both to correct for the previous misnumbering of the Bates stamps for those files and to reproduce the items that were not transmitted properly.

20 search warrant is to testify at a hearing or trial in this case, the government will provide you with a copy of the July 20 search warrant in advance of such testimony to fulfill its obligations under § 3500 and the Jencks Act.

The government provides in files Bates stamped JY_000193-JY_000204 the photos shown to the defendant during the interrogation. The defendant stated that he recognized the photos Bates stamped JY_000193-JY_000197, JY_000199 and JY_000201.

Additionally, no voice or facial recognition program or procedure was used during the investigation into the defendant.

I. The Government's Discovery

  A. Statements of the Defendant and Co-Conspirators

In response to ¶¶ 1-7, these requests go beyond the scope of the government's Rule 16 discovery obligations. In any event, the government is unaware of any statements by the defendant other than that disclosed by the government on December 11, 2023 and February 2, 2024 provided in the files Bates stamped JY_000188, JY_000189, JY_000190, JY_000191, and JY_000192.

In response to ¶¶ 8-9, the government is not obligated under Rule 16 to provide names, addresses, or statements of co-defendants or of other unindicted coconspirators. To the extent any such statements become discoverable under 18 U.S.C. § 3500, as noted above, the government will provide you with 18 U.S.C. § 3500 material in accordance with the schedule to be determined by the Court at an appropriate time.

  B. The Defendant's Criminal History And Other Crimes Wrongs or Acts

In response to ¶ 10, the government has previously disclosed on December 11, 2023 a copy of the defendant's criminal history in a file Bates stamped JY_000149- JY_000168.

In response to ¶ 11, this request is premature. If the government intends to offer at trial any material under Federal Rule of Evidence 404(b), the government will provide the defendant with reasonable notice in advance and in accordance with any schedule ordered by the Court at an appropriate time.

  C. Documents and Tangible Objects

In response to ¶¶ 12-16, the government is aware of its obligations to produce documents and objects pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E); it has already produced substantial materials pursuant to Rule 16(a)(1)(E); and it will continue to produce such documents and objects that are discoverable under Rule 16(a)(1)(E).

Specifically, in response to ¶ 12, the government notes that on December 11, 2023, it produced surveillance video footage and still image photos generated from surveillance video footage from the Queensbridge Houses and the three commercial businesses referenced in

the Indictment, in files Bates stamped JY_000001-JY_000030, JY_000036-JY_000053, JY_000059-JY_000085, JY_000091-JY_000105 and JY_000110-JY_000131.

In response to ¶ 13, which seeks "a description of all tangible objects, buildings or places which are material to the preparation of the defense or which are intended for use at trial or which were obtained from or belong to Mr. Young," the government directs your attention to the photographs of the physical evidence seized pursuant to a search of the defendant's residence, previously disclosed on December 11, 2023 in files Bates stamped JY_000132-JY_000148.

In response to ¶ 14, this request of the government to identify any evidence "[] taken from and/or belong[ing] to Mr. Young, state whether it was taken pursuant to a warrant, and [] attach copies of all such warrants, supporting affidavits and reports of returns on all such warrants and provide the names of any officers involved, and the date, time and exact location of any such seizures" the government disclosed on December 11, 2023 in a file Bates stamped JY_000169-JY_000187 a copy of the premises search warrant and affidavit obtained and executed in this case. All physical evidence in this case resulted from the execution of this search warrant. All other information you demand, such as the names of any officers involved and the date, time, and location of the seizures is overbroad and exceeds the scope of the government's obligations under Rule 16.

The government also notes that it is not obligated to produce certain information you requested. For example, ¶ 15 requesting the government to identify any evidence "taken from or belong[ing] to any defendant and [] not taken pursuant to a warrant" and to "provide the names of any officers involved, the date, time, and exact location of any such evidence seized, and state how it was packaged at the time of seizure, and the exact location where each item was allegedly seized" falls outside the government's obligations under Rule 16. In any event, there is no such evidence in this case.

In response to ¶ 16 requesting "a recording of [] 911 calls [and] any police department reports about the incident or arrest of Mr. Young, including Sprint reports, stop and frisk reports, and trace reports," the government does not intend to use these recordings at trial. Therefore, the 911 recordings in this case do not qualify as Rule 16 material. However, the 911 calls may qualify as Jencks Act material in which case, the government will provide you with these items promptly before any relevant witness testifies. However, your request for any police department reports about the incident or arrest of the defendant is overbroad and falls outside the scope of Rule 16.

In response to ¶ 30, the government is unaware of any documents or evidence destroyed, lost, or no longer in the custody or control of the government.

D. <u>Reports of Examinations and Tests</u>

In response to ¶¶ 17-18, the government will provide you with copies of any relevant reports of examinations or tests in this case as they become available.

3

  E.  <u>Expert Witnesses</u>

  In response to ¶ 19, your request for expert-related evidence is also premature. The government is aware of and will comply with Federal of Criminal Procedure 16(a)(1)(G) and Federal Rules of Evidence 702, 703, and 705; will notify you in a timely fashion of any expert that it intends to call at trial; and will provide you with a summary of the expert's opinion.

  F.  <u>Identifications</u>

  In response to ¶¶ 20-22, NYPD Police Officer Serge St. Fleur, Jr. identified the defendant from a video clip and still image derived from the video file depicting the Queensbridge Houses on June 26, 2023, previously provided to you on December 11, 2023 in a file Bates stamped JY_000103. Officer St. Fleur made this identification on or about July 22, 2024. There was no usage of any "automated, machine-generated, AI produced or other computer-based identification procedure employed in this case of voice, face, or other physical attribute." <u>See</u> Def. Ltr. ¶ 20.

  However, your demand for all documentation or recording of any identification, as well as the degree of certainty expressed by any identifying witness, goes beyond the government's obligations under Rule 16. <u>See</u> Def. Ltr ¶¶ 21-22. Such materials or information would qualify instead as Jencks Act materials and will be disclosed at an appropriate time if Police Officer St. Fleur is to testify at a hearing or trial.

  Additionally, NYPD Detective Joseph Montano identified the defendant by voice on or about May 2, 2023 and Detective Brian McCarthy identified the defendant by voice in or about early July 2023, from the audio captured in the video depicting the April 29, 2023 robbery, provided in a file Bates stamped JY_000062 on December 11, 2023.

  In response to ¶ 23, the government is unaware of any witness's failure to identify the defendant.

  G.  *Brady* and *Giglio* Material

  In response to ¶¶ 24-26, as indicated in the government's December 11, 2023 letter producing discovery, the government is not aware of any exculpatory material regarding the defendant, and the government understands and will comply with its continuing obligation to produce such material as defined by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and its progeny. Such remains the case.

  The Defense Letter appears to request various categories of impeachment material with respect to the government's potential witnesses. (Def. Ltr. at ¶¶ 27-29.) You are not entitled to the disclosure of <u>Giglio v. United States</u>, 405 U.S. 150 (1972) material or 18 U.S.C. § 3500 material at this time. <u>See, e.g.</u>, <u>United States v. Nixon</u>, 418 U.S. 683, 701 (1974) ("Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial"); <u>United States v. Coppa</u>, 267 F.3d 132, 146 (2d Cir. 2001) (noting that <u>Giglio</u> material must be disclosed in sufficient time for defense to use it effectively). The government will provide you

4

with 18 U.S.C. § 3500 material in accordance with the schedule to be determined by the Court at an appropriate time.

II.     The Defendant's Required Disclosures

The government reiterates its requests for reciprocal discovery which it made in its December 11, 2023 and February 2, 2024 letters, and to which it has not yet received a response.

IV.     Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

> Very truly yours,
>
> BREON PEACE
> United States Attorney
>
> By:   /s/ Stephanie Pak
> Stephanie Pak
> Assistant U.S. Attorney
> (718) 254-6064

cc:     Clerk of the Court (DLI) (by ECF)

5